insisted, that air, the elastic fluid used in the Cavé apparatus, operated therein in the same manner, in connection with the grooves, as steam, the elastic fluid used in the plaintiff's apparatus, operates therein in connection with the grooves; and that, the grooves and the grooved surfaces being alike in the two, and the air and the steam, as used, being equivalents for each other, there is no patentable novelty in using the grooves in connection with steam, but that it is merely the application of an old apparatus to a new use. Opposed to these suggestions is the fact, that, until this patent was issued, the idea was not promulgated that steam could be made self-packing, and the publication in the "Schauplatz," that air could be made self-packing in an air engine, remained before the world ten years prior to the patenting of Gale's invention, without that being suggested which is now asserted to be so obvious, in view of the apparatus of Cavé. The invention, as set forth in the specification, is a highly meritorious and useful one, and one which a court will desire to sustain, if consistent with the principles of law.

The claim is to "the method, herein described, of causing steam to become a packing to itself, in steam cylinders, or other parts of steam machinery, by allowing the steam to act in one or more grooves, substantially as specified." It is not possible to mistake the tenor and purport of this claim, when it is read in connection with the rest of the specification. It is a claim to an art or process. It is not a claim to the grooved surfaces. But it is a claim to the process of the self-packing of steam, used in steam machinery, when effected by allowing the steam to act in one or more grooves, as described in the specification. Gale, undoubtedly, was the first to discover that steam could be made to pack itself, and that it could be made to do so by causing it to act in the way described, in one or more grooves. The grooves, used in an air engine were, indeed, old. But it by no means followed, because air would work successfully in the apparatus of Cavé, that steam could be made to pack itself, or to do so by means of grooves, or to do so in the apparatus of Cavé. There was room for experiment as to the capability of steam to act in that way, and as to the character of the grooves to be used, and as to what space might or might not be left between the contiguous surfaces. And it does not detract from the novelty or patentability of the invention, that, in carrying it out in practice, the use of grooves like those in Cavé's apparatus was found beneficial. The claim is not to all methods of causing steam to become a packing to itself, in steam machinery, but to the method described in the specification, whereby the property of steam discovered by Gale is made to subserve a useful purpose, by being carried into effect in a practical mode. The newly discovered property of steam, and the practical adaptation of it to a useful end, by the means described, is the invention made and claimed.

It is difficult to distinguish this case from that of the Hanson patent for making lead pipe, which was sustained as a valid patent, by the supreme court, in Le Roy v. Tatham, 22 How. [63 U. S.] 132. The Hansons discovered that lead, when recently set and solid, but still under heat and extreme pressure, in a close vessel, would reunite perfectly after a separation of its parts. Availing themselves of this property in lead, the inventors succeeded in making by machinery, at a reduced expense, lead pipe of a better quality than had before been known. The claim of the patent was to the combination of machinery employed, "when used to form pipes of metal under heat and pressure, in the manner set forth, or in any other manner substantially the same." The machinery used was shown to be, in principle, substantially the same with machinery which had before been used to make maccaroni, and with machinery which had before been used to make clay pipe. The claim was stated by the court to be a claim to the machinery only when used to form pipes of metal under heat and pressure; and it was sustained by the court, against the objection that it only claimed the application of an old machine to a new use, or to produce a new result. The claim in the Hanson patent would have been the same, to all intents, if it had claimed the method of causing lead to separate and reunite, at a welding heat, under pressure in a close vessel, by the use of the machinery described, to form lead pipe, in the manner set forth. The claim of the Gale patent would be the same, in effect, if it were to claim the arrangement of the grooves, substantially as specified, when used in connection with steam, to cause the steam, by acting in the grooves in the manner described, to become a packing to itself in steam machinery.

I am satisfied that the Gale patent is valid, that the claim is sustainable, that the invention claimed is new and useful, and that the plaintiff is entitled to a verdict for $50, on the two machines proved to have been used by the defendant, the license fee fixed by the plaintiff being shown to be $25 on each machine.

## Case No. 11,241a.

### POLACK v. UNITED STATES.

[See Case No. 16,061.]

## Case No. 11,242.

### The POLAND.

[2 Mich. Lawy. 16.]

District Court, E. D. Michigan. 1877.

WITNESS — PARTIES IN INTEREST — ADMIRALTY — DEATH OF PARTY.

1. When, after the filing of a libel against a vessel and giving the stipulation to answer judg-